1. **BANNER LEGAL**
2. Jeremy C. Shafer (Bar No. 235318)
3. 445 Marine View Ave., Suite 300
4. Del Mar, CA 92014
5. Tel: (888) 215-7834
6. Email: jshafer@bannerlegal.com
7. 
8. Attorney for Plaintiff
9. 
10. **UNITED STATES DISTRICT COURT**
11. **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
12. 

| GFC & SUPPLY INC., dba BIGPAPA BREAKS, | Case No.: |
|---|---|
| Plaintiff, | **2:25-cv-10054**-JLS-(AGRx) |
| vs. | |
| TIKTOK INC. and any successors in interest; BYTEDANCE INC.; BYTEDANCE LTD.; FANATICS, INC; NATIONAL FOOTBALL LEAGUE, AN UNINCORPORATED ASSOCIATION; NFL PROPERTIES LLC; NFL ENTERPRISES LLC; AND DOES 1–50, INCLUSIVE, | Honorable Josephine L. Staton, United States District Judge<br><br>Complaint Filed: October 20, 2025<br>Trial Date: Not Set |
| Defendants. | |

13. **PLAINTIFF GFC & SUPPLY INC.'S**
14. **RESPONSE**
15. **TO ORDER TO SHOW CAUSE**
16.

## I. INTRODUCTION

1. Plaintiff GFC & Supply Inc. ("Plaintiff") respectfully responds to the Court's Order to Show Cause Re Dismissal for Lack of Prosecution. Plaintiff has acted diligently and in good faith to effect service on all Defendants, and service efforts were initiated before Plaintiff received the Court's Order.

2. Because Plaintiff has demonstrated good cause under Federal Rule of Civil Procedure 4(m), and because service is currently in progress, Plaintiff believes dismissal is neither required nor appropriate.

## II. FACTUAL BACKGROUND

3. Plaintiff filed this action against seven corporate Defendants, including three California corporations and four out-of-state corporations, each requiring separate service efforts.

4. Prior to receiving the Court's Order to Show Cause, Plaintiff was preparing service packets for each Defendant, including the Summons and Complaint and, for the California Defendants, Notices and Acknowledgments of Receipt.

5. Each service packet was mailed to the respective Defendant's corporate headquarters by certified mail with return receipt requested, just as Plaintiff received the Court's Order to Show Cause.

///

///

6. Plaintiff is currently awaiting executed return receipts and acknowledgment forms. Documentary proof of mailing and delivery confirmations are attached as **Exhibit A** to the Declaration of Jeremy C. Shafer filed in support and concurrently with this Response.

7. Plaintiff has continuously prosecuted this action and has not engaged in delay, neglect, or bad faith.

### III.   LEGAL STAANDARD

8. Federal Rule of Civil Procedure 4(m) requires courts to extend the time for service upon a showing of good cause and permits courts to extend time even absent good cause. *Efaw v. Williams*, 473 F.3d 1038, 1040–41 (9th Cir. 2007).

9. The Ninth Circuit has emphasized that dismissal for failure to timely serve is disfavored where a plaintiff has acted diligently and service efforts are underway. *Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009).

### IV.   GOOD CAUSE EXISTS FOR AN EXTENSION

10. Good cause exists where a plaintiff has taken reasonable steps to effect service and any delay results from practical or logistical circumstances rather than neglect. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

11. Here, Plaintiff:

- Prepared had been preparing service packets for all Defendants within the Rule 4(m) period;

- Initiated mailing and service before issuance of the Order to Show Cause;
- Undertook service efforts involving multiple corporate defendants, including out-of-state entities; and
- Has provided documentary proof demonstrating that service is actively pending.

12. These facts establish diligence and good cause warranting a mandatory extension under Rule 4(m).

**V.    A DISCRETIONARY EXTENSION IS ALSO WARRANTED**

13. Even if good cause were not found, the Court retains discretion to extend time for service in the interest of justice. *Henderson v. United States*, 517 U.S. 654, 662 (1996).

14. Defendants will suffer no prejudice from a brief extension. No appearances have been made, no deadlines have been affected, and service is already in progress. Dismissal would merely require refiling and result in unnecessary cost and inefficiency.

**VI.   CONCLUSION**

15. Plaintiff has acted diligently and in good faith, and service efforts were underway upon the issuance of the Order to Show Cause. Plaintiff respectfully requests that the Court discharge the Order and grant a **30-day extension** of time to complete service.

1 | Dated:  January 28, 2026            Respectfully submitted,
2 |
3 |                                     /s/ Jeremy C. Shafer
4 |                                     Jeremy C. Shafer, Bar No. 235318
5 |                                     **BANNER LEGAL**
6 |                                     445 Marine View Ave., Suite 300
7 |                                     Del Mar, CA 92014
8 |                                     Tel: (888) 215-7834
9 |                                     Email: jshafer@bannerlegal.com
10 |
11 |                                    *Attorney for Plaintiff*
12 |
13 |