# Exhibit 1

1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

March 23, 2026

**VIA EMAIL**

Jeremy C. Shafer
**BANNER LEGAL**
jshafer@bannerlegal.com

> Re:    *GFC & Supply Inc., dba BigPapa Breaks v. TikTok Inc. et al.*, Case No. 2:25-cv-10054 (C.D. Cal.)

Counsel,

We write on behalf of Fanatics concerning allegations contained in the Amended Complaint, ECF No. 20 ("Amended Complaint") in the above-referenced matter.

As you are aware, the Amended Complaint purports to bring claims on behalf of an independent sports memorabilia breaker ("Plaintiff"). *See* Am. Compl. ¶ 60. The Complaint alleges that (a) Fanatics conspired with TikTok to de-platform and ban Plaintiff from TikTok's platform unless Plaintiff signed Fanatics' Memorabilia Seller Agreement ("MSA"), (b) Plaintiff only agreed to the MSA requiring him to only sell Fanatics' products on TikTok as a condition of returning to the platform and under threat of permanent exclusion from TikTok, (c) the MSA required Plaintiff to exclusively source products from Fanatics, and (d) Plaintiff was harmed as a result. *See id.* ¶¶ 95-96, 98. The Complaint further alleges, in conclusory form, that Fanatics' forced exclusive agreements allowed Fanatics to unlawfully profit from memorabilia sales that caused Plaintiff to suffer "substantial damages." *See, e.g., id.* ¶¶ 39, 149, 176.

As we have previously communicated to you, Fanatics has looked into the matter and has no record of any executed agreement or sales with Plaintiff, and publicly available information confirms that Plaintiff continues streaming memorabilia-related videos on TikTok.[1] This raises serious concerns because, in the absence of an executed agreement or supporting documentation, there can be no good faith claim that Fanatics is factually or legally responsible for any difficulties Plaintiff claims to have encountered selling products on TikTok. And, to the extent Plaintiff continues streaming on TikTok, Plaintiff's request for injunctive relief in the form of "reinstatement of Plaintiff's TikTok account" (*id.* ¶ 249) would be frivolous. Indeed, even if it turns out Plaintiff had executed the MSA, there are still reasons to believe Plaintiff's claims would be baseless. The Complaint

---

[1] *See* Big Papa Breaks, TIKTOK, *https://www.tiktok.com/discover/big-papa-breaks* (last accessed Mar. 23, 2026).

March 23, 2026
Page 2

**LATHAM**&**WATKINS**LLP

asserts that "the forced exclusivity contracts" prevented Plaintiff from sourcing memorabilia from other sellers, *id.* ¶¶ 107-108, 158, yet the MSA does no such thing.  Nothing in that agreement imposes a requirement on breakers to exclusively sell Fanatics products on TikTok, and based on our review, Plaintiff does not limit his TikTok sales to Fanatics-sourced products.

Despite previously raising these issues with you on multiple phone calls, to date we have received no response.  As you know, an attorney who "present[s]" a pleading to the court "whether by signing, filing, submitting, or later advocating it . . . certifies that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support."  Fed. R. Civ. P. 11(b)(3).  In order to evaluate whether Plaintiff is in compliance with Rule 11, we request that Plaintiff promptly provide a copy of the executed agreement or other documentation supporting the allegation that Plaintiff agreed to the MSA, and that the MSA imposes a requirement on breakers to exclusively sell Fanatics products on TikTok.

We are available to meet and confer regarding these issues at your convenience.

Sincerely,

*/s/ Lawrence Buterman*
 of Latham & Watkins LLP

6